**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DONNA M. COMITO,**

                **Plaintiff,**　　　　　　6:12-cv-22
　　　　　　　　　　　　　　　　　　　　　(GLS)
         **v.**

**CAROLYN W. COLVIN,**
Acting Commissioner of Social
Security,[1]

                **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:**<br>Office of Peter W. Antonowicz<br>148 West Dominick Street<br>Rome, NY 13440 | PETER W. ANTONOWICZ, ESQ. |
| **FOR THE DEFENDANT:**<br>HON. RICHARD S. HARTUNIAN<br>United States Attorney<br>100 South Clinton Street<br>Syracuse, NY 13261<br><br>Steven P. Conte<br>Regional Chief Counsel<br>Social Security Administration<br>Office of General Counsel, Region II<br>26 Federal Plaza, Room 3904<br>New York, NY 10278 | DENNIS J. CANNING<br>Special Assistant U.S. Attorney |

---

[1] The Clerk is directed to substitute Carolyn W. Colvin, Acting Commissioner of Social Security, for defendant Michael J. Astrue, and amend the caption accordingly. *See* Fed. R. Civ. P. 25(d).

**Gary L. Sharpe**
**Chief Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Donna M. Comito challenges the Commissioner of Social Security's denial of Supplemental Security Income (SSI),[2] seeking judicial review under 42 U.S.C. § 405(g). (*See* Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering Comito's arguments, the court affirms the Commissioner's decision and dismisses the Complaint.

## II. Background

On August 4, 2009, Comito filed an application for SSI under the Social Security Act ("the Act"), alleging disability since May 8, 2009. (*See*

---

[2] In her Complaint, Comito appeals the denial of her application for a period of disability and Disability Insurance Benefits (DIB). (*See* Compl.) However, Comito applied for SSI and not for DIB. On various occasions Comito's counsel has initiated actions before the court challenging the denial of DIB, using similarly imprecise language. *See, e.g., Stelter v. Colvin*, No. 5:12-cv-93, 2013 WL 1703598 at *1 n.2, n.5 (N.D.N.Y. Apr. 19, 2013); *Cadrette v. Astrue*, No. 6:11-cv-320, 2012 WL 1416267 at *1 n.1 (N.D.N.Y. Apr. 24, 2012). In the interest of justice, the court will examine Comito's claims on the merits. However, the court's patience with counsel's inartful pleading practices has grown thin, and the court's current ruling should not be mistaken for an endorsement or condonation of his methods.

2

Tr.[3] at 71, 107-09.) After her application was denied, (*see id.* at 72-75), Comito requested a hearing before an Administrative Law Judge (ALJ), which was held on July 13, 2010, (*see id.* at 44-70, 76). On December 14, 2010, the ALJ issued an unfavorable decision denying the requested benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review. (*See id.* at 1-6, 18-32.)

Comito commenced the present action by filing her Complaint on January 5, 2012 wherein she sought review of the Commissioner's determination. (*See generally* Compl.) The Commissioner filed an answer and a certified copy of the administrative transcript. (*See* Dkt. Nos. 9, 10.) Each party, seeking judgment on the pleadings, filed a brief. (*See* Dkt. Nos. 14, 15.)

### III. **Contentions**

Comito contends that the Commissioner's decision was the product of legal error and is unsupported by substantial evidence. (*See* Dkt. No. 14 at 8-21.) Specifically, Comito claims that: (1) the residual functional

---

[3] Page references preceded by "Tr." are to the Administrative Transcript. (*See* Dkt. No. 10.)

capacity (RFC) determination is infirm; (2) the Commissioner improperly evaluated whether her condition met listing 14.02; and (3) her credibility was improperly assessed.  (*See id.*)  The Commissioner counters that the appropriate legal standards were used by the ALJ and his decision is also supported by substantial evidence.  (*See* Dkt. No. 15 at 13-24.)

## IV.  Facts

The court adopts the parties' undisputed factual recitations.  (*See* Dkt. No. 14 at 3-5; Dkt. No. 15 at 2-11.)

## V.  Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g)[4] is well established and will not be repeated here.  For a full discussion of the standard and the five-step process by which the Commissioner evaluates whether a claimant is disabled under the Act, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI.  Discussion

---

[4] 42 U.S.C. § 1383(c)(3) renders section 405(g) of Title 42 applicable to judicial review of SSI claims.

## A. Residual Functional Capacity

First, Comito argues that the Commissioner erred in determining her RFC.[5] (*See* Dkt. No. 14 at 8-15.) Specifically, Comito contends that the Appeals Council erred in failing to remand based on opinion evidence submitted to it after the ALJ's decision. (*See id.*) The court disagrees.

The Appeals Council shall consider "new and material" evidence if it "relates to the period on or before the date of the [ALJ] hearing decision." 20 C.F.R. § 416.1476(b)(1); *see Perez v. Charter*, 77 F.3d 41, 45 (2d Cir. 1996). The Appeals Council "will then review the case if it finds that the [ALJ]'s action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 416.1470(b). However, even if "the Appeals Council denies review after considering new evidence, the [Commissioner]'s final decision necessarily includes the Appeals Council's conclusion that the ALJ's findings remained correct despite the new evidence." *Perez*, 77 F.3d at 45 (internal quotation marks and citation omitted). Accordingly, the additional evidence becomes part of the

---

[5] A claimant's RFC "is the most [she] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1). In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain. *Id.* § 416.945(a)(3). An ALJ's RFC determination must be supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g). If it is, that determination is conclusive and must be affirmed upon judicial review. *See id.*; *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

administrative record reviewed by the district court. *Id*. at 45-46.

Here, Comito submitted additional evidence to the Appeals Council, which was noted by the Appeals Council in its denial of review. (*See* Tr. at 1-5.) The evidence submitted by Comito included additional treatment notes from Slocum-Dickson Medical Group and a Medical Source Statement from treating physician Amy Gorczynski. (*See id.* at 314-62.) In Dr. Gorczynski's opinion, Comito could lift and carry ten pounds occasionally and five pounds frequently. (*See id.* at 326.) Further, Comito could stand and/or walk for three hours and sit for four hours, in an eight-hour workday. (*See id.*) Dr. Gorczynski also opined that Comito would be off-task for at least twenty-five percent of the day due to her pain. (*See id.* at 327.) Presuming, without deciding, that the evidence relating to Comito's condition was within the relevant time period,[6] the evidence would not have altered the ALJ's decision because Dr. Gorczynski's opinion deserves little weight, and the additional medical records from Slocum-Dickson Medical Group were consistent with the evidence before the ALJ. *See Mancuso v. Comm'r of Soc. Sec. Admin.*, No. 1:06-CV-930, 2008 WL

---

[6] "The Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." *See* 20 C.F.R. § 416.1470(b).

656679, at *6-7 (N.D.N.Y. Mar. 6, 2008).

Controlling weight will be given to a treating source's opinion on the nature and severity of a claimant's impairments where it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. § 416.927(c)(2); *see Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). When a treating source's opinion is given less than controlling weight, the ALJ is required to consider the following factors: the length, nature and extent of the treatment relationship; the frequency of examination; evidentiary support offered; consistency with the record as a whole; and specialization of the examiner. 20 C.F.R. § 416.927(c)(2)-(6).

In this case, Dr. Gorczynski's assessment is contradicted by substantial evidence of record. In October 2009, Comito underwent a consultative examination performed by Dr. Kalyani Ganesh. (*See* Tr. at 213-16.) The results of Dr. Ganesh's examination were normal and, further, Comito reported independence in her activities of daily living and that her medication helps with her neck pain. (*See id.* at 213-15.) Based on this examination, as well as a review of x-rays of Comito's lumbrosacral and cervical spine, Dr. Ganesh opined that Comito suffered no gross

7

limitations to her ability to sit, stand, walk, or use her upper extremities. (*See id.* at 215-18.)

In addition to the results of the consultative exam, treatment notes from Slocum-Dickson Medical Group, submitted before the ALJ as well as the Appeals Council, contained numerous physical examinations that showed benign or normal clinical findings. (*See id.* at 187-88, 190-91, 193-95, 205-07, 252-53, 257-59, 280, 290-92, 304-05, 318-20, 336-38, 359-60.) The only remarkable findings contained in the treatment notes before the ALJ were minor bone spurs of the knees and pigmentation changes on Comito's forearm and forehead. (*See id.* at 254, 257, 291.) A review of the additional treatment records submitted to the Appeals council reveals that, on one examination, Comito experienced tenderness in her upper extremities and soft tissue tender points in her head and neck. (*See id.* at 332-34.) Further, x-rays of her lumbar and cervical spine revealed stable degenerative changes. (*See id.* at 330-31.)

Dr. Gorczynski's opinion is also inconsistent with evidence of Comito's activities of daily living. Notably, Comito maintained part-time work, cooked and cleaned daily, and shopped weekly. (*See id.* at 134-38, 318, 332, 359.) In June 2009, Comito reported riding two to three miles on

8

an exercise bike, three times a week. (*See id.* at 300.) Given these inconsistencies, the court agrees with the Commissioner that Dr. Gorczynski's opinions were undeserving of controlling weight,[7] and the new evidence presented to the Appeals Council provided no basis to change the ALJ's decision. (*See id.* at 2.)

B. <u>Listing 14.02</u>

Next, Comito alleges that her impairment meets listing 14.02. (*See* Dkt. No. 14 at 15-16.) In particular, Comito argues that she "exhibited extreme fatigue and malaise and at least moderate involvement of a body system." (*Id.* at 16.) Further, she claims that neither the ALJ nor the Appeals Council examined the evidence "with an eye toward" listing 14.02. (*Id.*) The Commissioner counters, and the court agrees, that Comito's impairment did not meet listing 14.02. (*See* Dkt. No. 15 at 22-24.)

If a claimant's "impairment(s) meets or equals a listed impairment" and "meets the durational requirement," she will be found disabled. 20 C.F.R. § 416.920(d). Listing 14.02 deals with an immune system disorder,

---

[7] Notably, the other regulatory factors indicate that Dr. Gorczynski's opinion should be afforded little weight. *See* 20 C.F.R. § 416.927(c). Specifically, it appears that she only examined Comito on two occasions and offered no clinical or laboratory findings to support her opinion. (*See* Tr. at 307-09, 311-13, 327.)

9

namely, systemic lupus erthyematosus (SLE). *See* 20. C.F.R. pt. 404, subpt. P, app. 1, § 14.02. SLE is "a chronic inflammatory disease that can affect any organ or body system," including an individual's respiratory, cardiovascular, renal, blood, skin, neurologic, mental, or immune systems. *Id.* § 14.00(D)(1). To meet listing 14.02(A), a claimant must demonstrate that she suffers from SLE accompanied by the "[i]nvolvement of two or more organs/body systems, with: [o]ne of the organs/body systems involved to at least a moderate level of severity; and [a]t least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss)." *Id.* § 14.02(A). Alternatively, a claimant can meet lisitng14.02(B) if they suffer from "[r]epeated manifestations of SLE, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss)" as well as marked limitations in either their activities of daily living, social functioning, or ability to complete tasks in a timely manner due to deficiencies in concentration, persistence, or pace. *Id.* § 14.02(B).

Comito's claim that the ALJ failed to discuss listing 14.02 is flatly incorrect. (*See* Dkt. No. 14 at 16; Tr. at 25.) The ALJ "placed specified emphasis" on the listing and found that Comito's lupus was stable, had not

affected multiple body systems, and had not presented with repeated manifestations. (Tr. at 25.) Comito provides no citation to the record for her assertion that she suffered extreme fatigue and malaise or that her SLE included moderate involvement of a body system. (*See* Dkt. No. 14 at 16.) In any event, to satisfy listing 14.02(A) there must be involvement of at least two body systems or organs. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 14.02(A).

Despite Comito's conclusory allegation to the contrary, (*see* Dkt. No. 14 at 15-16), the record as a whole demonstrates that the ALJ's listing assessment is supported by substantial evidence[8] and is, thus, conclusive, (*See* Tr. at 25); 42 U.S.C. § 405(g). The medical evidence of record does not indicate that Comito's SLE involved multiple body systems or organs, with one such body system or organ involved to a moderate level of severity. (*See* Tr. at 187-88, 190-91, 193-95, 205-07, 252-53, 257-59, 280, 290-92, 304-05, 311-12, 318-20, 332-34, 336-38, 359-60.) Indeed, the record contains numerous physical exams which revealed normal results. (*See id.*) Consultative examiner Kristen Barry opined that Comito "appears

---

[8] "Substantial evidence is defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotation marks and citations omitted).

to have some normal anxieties, but nothing extreme," and could handle stressors "fairly adequately." (*Id.* at 222.) State agency review psychiatrist H. Tzetzo opined that Comito suffered no limitations in her activities of daily living, mild limitations in her social functioning, and mild limitations in her concentration, persistence and pace. (*See id.* at 234.) Based on his review of the record, Tzeto concluded that Comito's mental impairment did not cause any significant restrictions and was, therefore, not severe. (*See id.* at 236.) Prior to her alleged onset date, Comito's SLE was described as "unchanged" and "quiet." (*Id.* at 191, 195, 305.) In June 2009, one month after Comito's alleged onset date, her SLE was described as "improved." (*Id.* at 188.) Thereafter, her SLE was repeatedly described in treatment notes as "unchanged" and "relatively quiet." (*Id.* at 206, 258, 291, 319, 337-38, 360.)

C. **Credibility Determination**

Finally, Comito contends that "the Commissioner improperly evaluated [her] allegations of disabling pain and symptoms." (Dkt. No. 14 at 16-21.) According to Comito, the ALJ: (1) misstated her abilities;[9] (2)

---

[9] Notably, Comito does not cite any specific misstatements that the ALJ made regarding her abilities, but, rather, argues that "the ALJ's recitation of [her] abilities does not reflect any familiarity with [her] testimony or the paperwork that she completed in support of

12

"failed to even consider [her] statements regarding her limitations;" and (3) overstated the significance of certain activities of daily living. (*Id.* at 18-19.) The Commissioner argues that the ALJ's credibility determination is supported by substantial evidence. (*See* Dkt. No. 15 at 14-16.) Again, the court agrees with the Commissioner.

Once the ALJ determines that the claimant suffers from a "medically determinable impairment[] that could reasonably be expected to produce the [symptoms] alleged," he "must evaluate the intensity and persistence of those symptoms considering all of the available evidence; and, to the extent that the claimant's [subjective] contentions are not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (internal quotation marks and citations omitted). In performing this analysis, the ALJ "must consider the entire case record and give specific reasons for the weight given to the [claimant's] statements." SSR 96-7p, 61 Fed. Reg. 34,483, 34,485 (July 2, 1996). Specifically, in addition to the objective medical evidence, the ALJ must consider the following factors: "1) daily activities; 2) location, duration, frequency and intensity of any symptoms; 3)

---

this application." (Dkt. No. 14 at 18.)

precipitating and aggravating factors; 4) type, dosage, effectiveness, and side effects of any medications taken; 5) other treatment received; and 6) other measures taken to relieve symptoms." *F.S. v. Astrue*, No. 1:10-CV-444, 2012 WL 514944, at *19 (N.D.N.Y. Feb. 15, 2012) (citing 20 C.F.R. § 416.929(c)(3)(i)-(vi)).

Here, the ALJ determined that Comito's statements concerning the intensity, persistence, and limiting effects of her symptoms were not credible to the extent that they were inconsistent with his RFC assessment. (*See* Tr. at 26.) The ALJ explained that the objective medical evidence did not support Comito's claims of "experienc[ing] headaches four to five times a week, [and] difficulty with climbing stairs and with prolonged periods of walking and sitting." (*Id.* at 25-26.) The ALJ noted that Comito failed to complain of headaches to her medical providers. (*See id.* at 26.) Further, the ALJ reviewed Comito's activities of daily living and concluded that they were "atypical for someone with allegedly disabling symptoms." (*Id.*) The ALJ also noted inconsistencies between Comito's hearing testimony and her responses on a Function Report. (*See id.* at 26, 63-64, 139.) Lastly, the ALJ observed that Comito stopped working because she was terminated, rather than because of her impairments, and she continued to

14

look for work after her alleged onset date. (*See id.* at 26, 52-53, 187, 205, 219.)

In sum, the ALJ's determination that Comito's subjective complaints were not credible to the extent that they suggested impairment greater than the ability to perform "the full range of light work" is supported by substantial evidence. (*Id.* at 25.)

## D.   Remaining Findings and Conclusions

After careful review of the record, the court affirms the remainder of the ALJ's decision as it is supported by substantial evidence.

## VII.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Comito's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

June 5, 2013
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court

15